J-S46025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON J. WILSON | |
| Appellant | No. 3255 EDA 2014 |

Appeal from the PCRA Order October 28, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008006-2008

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.:  **FILED SEPTEMBER 23, 2015**

Appellant, Aaron J. Wilson, appeals *pro se* from the order entered on October 28, 2014, dismissing his second petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

As the PCRA court explained:

> [On July 16, 2009, a jury found Appellant guilty of persons not to possess firearms, possession of a controlled substance with the] intent to deliver, possession of a controlled substance, and possession of drug paraphernalia.[1]  On September 21, 2009, [Appellant] was sentenced to [serve] an aggregate [term] of 66 to 192 months [in prison and to pay a fine of $30,000.00].
>
> [Appellant] filed a timely appeal [and, o]n August 9, 2010, the Superior Court affirmed [Appellant's] judgment of

---

[1] 18 Pa.C.S.A. § 6105 and 35 P.S. §§ 780-113(a)(30), (16), and (32), respectively.

sentence[. Appellant did not thereafter file a petition for allowance of appeal with our Supreme Court]. . . .

On January 28, 2011, [Appellant] filed a timely PCRA petition. . . . On April [30], 2013, [the PCRA] court [entered] an order dismissing the petition. [Appellant] did not appeal.

On June 27, 2014, [Appellant] filed a second PCRA petition[,] alleging that his mandatory minimum sentence was illegal in light of [**Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013) and **Commonwealth v. Munday**, 78 A.3d 661 (Pa. Super. 2013). The PCRA] court issued a notice of intent to dismiss on September 22, 2014. [Appellant] filed his objections to the notice on October 8, 2014. On October 27, 2014, [the PCRA] court issued an order dismissing the petition. On November 21, 2014, [Appellant] appealed.

PCRA Court Opinion, 12/10/14, at 3-5 (some internal capitalization omitted).

Now on appeal, Appellant claims that the PCRA court improperly dismissed his second PCRA petition because, in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), the Superior Court held that "the mandatory minimum sentences [are] . . . illegal." Appellant's Brief at 1-2. Therefore, Appellant claims that his second PCRA petition is timely under the "newly recognized constitutional right" exception to the PCRA's one-year time-bar. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

As our Supreme Court held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final in 2010. As Appellant did not file his current petition until June 27, 2014, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007), *quoting* *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's brief to this Court, Appellant claims that in *Newman*, the Pennsylvania Superior Court held that "the mandatory minimum sentences [are] . . . illegal" and that "[A]ppellant's sentence (mandatory minimum 5-15 [years]) clearly was deemed 'unconstitutional.'" Appellant's Brief at 2. This claim immediately fails, as *Newman* was an opinion from this Court – not the Supreme Court. Therefore, even if *Newman* had recognized a new constitutional right, the ruling would not have satisfied the "newly recognized constitutional right" exception to the

time-bar. *See Copenhefer*, 941 A.2d at 649-650 ("Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section"). Appellant's attempt to invoke the "newly recognized constitutional right" exception to the PCRA's one-year time-bar thus fails. Further, since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[2] *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

---

[2] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in *Commonwealth v. Fahy*, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary


Date: <u>9/23/2015</u>